UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICORP FINANCIAL, L.L.C.,
d/b/a PARATA FINANCIAL CO.,

    Plaintiff,

                                          Case No. 11-14796

v.

                                          Hon. John Corbett O'Meara

BLOODHART DRUG, L.L.C.
a foreign limited liability company,
ROBERT WINTERS and SHEILA L. WINTERS,
jointly and severally,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

       Before the court is Plaintiff's motion for summary judgment, filed July 13, 2012.  On July 19, 2012, the court granted defense counsel's motion to withdraw, allowing Defendants thirty days to obtain substitute counsel.  On September 18, 2012, Defendant requested an additional extension of time to obtain counsel.  The court issued an order stating that Defendant had until November 5, 2012 to submit a response to the motion for summary judgment.  On November 5, 2012, Defendant Robert Winters submitted an affidavit in response to the motion.  No attorney has entered an appearance on behalf of Defendants.  On November 20, 2012, Plaintiff submitted a reply brief.  Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

       As detailed in Plaintiff's brief, Defendant Bloodhart Drug, L.L.C., entered into an equipment lease agreement with Plaintiff Americorp Financial.  Robert Winters and Sheila Winters guaranteed payment under the lease.  It is undisputed that Bloodhart defaulted on the lease, resulting in this action to enforce the lease and the guarantees.

Plaintiff took possession of the leased equipment in April 2012 and sold it on August 17, 2012, for $100,400.  Taking into account this mitigation, Plaintiff calculates its damages to be $131,285.62 including unpaid rent, interest, and late charges.  Plaintiff also contends that it has incurred $21,699.87 in attorney's fees.

The only response to Plaintiff's well-supported motion for summary judgment is the affidavit of Robert Winters.  As a non-lawyer, Mr. Winters may represent himself, but he may not represent the other Defendants, Sheila Winters and Bloodhart Drug.  In his affidavit, Mr. Winters states that he received two offers to purchase the equipment for $125,000, and argues that a question of fact exists as to his affirmative defense that Plaintiff failed to mitigate its damages.

Mr. Winters' statement that he received two cash offers to purchase the equipment contradicts his answers to interrogatories, however, and cannot create a question of fact.  See, e.g., Nichols v. All Points Transp. Corp. of Michigan, 364 F. Supp.2d 621, 628-29 (E.D. Mich. 2005).  Accordingly, Defendants have not demonstrated that a genuine issue of material fact exists that should preclude summary judgment here.

Therefore, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is GRANTED.  Plaintiff shall submit a proposed judgment within ten days of the date of this order.


                                            s/John Corbett O'Meara
                                            United States District Judge


Date:  December 20, 2012

   I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, December 20, 2012, using the ECF system and upon Robert Winters and Sheila Winters at 4360 Beltway Place Beltway Place, Suite 280, Arlington, Texas 76018 by first-class U.S. mail.

                <u>s/William Barkholz</u>
                Case Manager